UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-781-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in excluding depression as a severe impairment at step two, and in assessing certain medical opinions. (Dkt. # 19 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1958, has an associate's degree, and has worked as a mechanical drafter. AR at 55, 57. Plaintiff was last gainfully employed in 2009. *Id.* at 213.

In November 2016, Plaintiff applied for benefits, alleging disability as of August 22,

ORDER - 1

2009.[1] AR at 184-96. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 114-20, 123-28, 131-34. After the ALJ conducted a hearing in July 2018 (*id.* at 30-65), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 13-25.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

Step two: Plaintiff has the following severe impairments: adjustment disorder with mixed anxiety and depressed mood; post-traumatic stress disorder ("PTSD"); and anti-social personality disorder v. personality disorder.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform simple, routine tasks and follow short, simple instructions. He can perform work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period. He requires a work environment with minimal supervisor contact. (Minimal contact does not preclude all contact, rather it means contact does not occur regularly. Minimal contact does not preclude simple, superficial exchanges, nor being in proximity to the supervisor.) He can work in proximity to co-workers but not in a cooperative or team effort. He requires a work environment that has no more than superficial interactions with co-workers, and no contact with the public. He requires a work environment that is predictable and with few work setting changes.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 13-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to December 1, 2014. AR at 37-38.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Did Not Harmfully Err at Step Two**

At step two, a claimant must make a threshold showing that his or her medically determinable impairments significantly limit his or her ability to perform basic work activities.

ORDER - 3

*See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b).

In this case, the ALJ found severe Plaintiff's "adjustment disorder with mixed anxiety and depressed mood" (AR at 16), among other conditions, and Plaintiff argues that the ALJ erred in failing to also include major depressive disorder as a separate severe impairment. (Dkt. # 19 at 2-4.) Plaintiff notes that treating, examining, and reviewing sources listed depression among Plaintiff's diagnoses, and Plaintiff contends that the ALJ's error in excluding depression is not harmless because "the ALJ did not adequately consider it in formulating the [RFC] which he adopted." (*Id*. at 4.)

Plaintiff has failed to show harmful legal error in the ALJ's step-two findings. That the record includes depression diagnoses does not show that Plaintiff's depression was severe, and thus Plaintiff's pointing to evidence confirming his diagnosis does not show error in the ALJ's step-two findings. Furthermore, Plaintiff has not identified any particular limitation that the ALJ should have included in the RFC assessment as a result of Plaintiff's depression. (*See* Dkt. # 19 at 4 (Plaintiff's opening brief stating that if depression had been included at step two, "additional limitations would have been supported[,]" but failing to identify any limitations).) Under these circumstances, Plaintiff has failed to show any harmful legal error flowing from the ALJ's finding that his depression was not severe. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

**B.     The ALJ Did Not Harmfully Err in Assessing Certain Medical Opinions**

Plaintiff challenges the ALJ's assessment of opinions written by consultative examiner David Widlan, Ph.D.; examining psychologist Geordie Knapp, Psy.D.; and the State agency consultants. The Court will consider each disputed opinion in turn.

*1.     Legal Standards[4]*

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*2.     Dr. Widlan's Opinion*

In May 2017, Dr. Widlan examined Plaintiff and wrote a narrative report describing his mental symptoms and limitations. AR at 699-703. The ALJ gave Dr. Widlan's opinion "slight weight", finding that his opinion was undermined by his lack of familiarity with Plaintiff's longitudinal record and his reliance on Plaintiff's non-credible self-report. *Id*. at 22. The ALJ also found that Plaintiff's performance on mental status examination testing during Dr. Widlan's examination was inconsistent with other testing in the record. *Id*. The ALJ went on to find Dr. Widlan's opinion inconsistent with Plaintiff's reported improvement with treatment and medication. *Id*. Lastly, the ALJ noted that although Dr. Widlan suspected Plaintiff suffered from a neurocognitive deficit, he did not perform any testing to confirm this suspicion. *Id*.

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

Plaintiff contends that the ALJ's reasoning is not specific and legitimate. With respect to the ALJ's finding that Dr. Widlan's opinion was undermined by his inability to review Plaintiff's entire longitudinal record, Plaintiff argues that there "is no requirement" that an examining provider review records before rendering an opinion. (Dkt. # 19 at 6.) That may be true, but the ALJ nonetheless properly considered whether Dr. Widlan was familiar with Plaintiff's record and did not err in finding that his lack of access to most of the record rendered his opinion less probative. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

Plaintiff goes on to suggest that the ALJ undermined this line of reasoning when crediting a non-examining source's opinion over Dr. Widlan's opinion (dkt. # 19 at 7), but does not explain why crediting a non-examining source opinion based on a review of records would be inconsistent with discounting an examining source opinion rendered without the benefit of review of most of the record. Moreover, the ALJ did not cite the contrary State agency opinions as a reason to discount Dr. Widlan's opinion, and thus Plaintiff's reliance on *Tonapetyan v. Halter* is misplaced. (Dkt. # 19 at 7 (citing 242 F.3d 1144, 1149 (9th Cir. 2001)).)

Plaintiff goes on to argue that the ALJ erred in discounting Dr. Widlan's opinion to the extent that he relied on Plaintiff's self-report, because Dr. Widlan supported his conclusions with his own observations. (Dkt. # 19 at 7.) This argument is not supported by the text of Dr. Widlan's opinion, however. Dr. Widlan did not cite any of his observations as the foundation for his conclusions, other than the mental status examination as the basis for finding cognitive deficits. *See* AR at 703. Dr. Widlan referred to Plaintiff's self-report as the basis for finding limitations in other categories. *See id.* at 702-03. The ALJ did not err in discounting Dr. Widlan's opinion to the extent that it was based on Plaintiff's self-report, which the ALJ discounted for unchallenged reasons. *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.

2009) ("As the district court noted, however, the treating physician's prescribed work restrictions were based on Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

Furthermore, the ALJ identified other mental status examinations that were inconsistent with Dr. Widlan's cognitive testing and/or Dr. Widlan's suspicion that Plaintiff had a cognitive disorder. *See* AR at 22 (citing *id*. at 415, 423, 427, 440, 492, 495, 508, 517, 548, 568, 588, 611, 622, 635, 651, 675, 751, 799, 840, 870). Plaintiff argues that the ALJ overlooked the fact that the treatment notes cited as contradicting Dr. Widlan's mental status examination testing were generated during treatment for PTSD and depression and are therefore consistent with a finding that Plaintiff is impaired. (Dkt. # 19 at 8-9.) But the ALJ did not dispute that Plaintiff had mental impairments, and Plaintiff has not shown that the treatment notes listed above are not, in fact, inconsistent with Dr. Widlan's cognitive findings. Because the ALJ pointed to substantial evidence contradicting Dr. Widlan's test results, the ALJ reasonably discounted Dr. Widlan's opinion in light of that contradictory evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions). Although Plaintiff contends that the ALJ cherry-picked treatment notes not referencing cognitive deficits, he does not identify any treatment notes the ALJ overlooked that would corroborate Dr. Widlan's cognitive testing. (Dkt. # 19 at 9-10.)

Because the ALJ provided multiple valid reasons to discount Dr. Widlan's opinion, the Court finds that Plaintiff has not met his burden to show harmful legal error in this portion of the ALJ's decision.

### 3. Dr. Knapp's Opinion

Dr. Knapp examined Plaintiff in November 2016, shortly after Plaintiff was released from prison, and completed a DSHS form opinion describing his symptoms and limitations. AR at 462-66. At the time of Dr. Knapp's evaluation, Plaintiff was not receiving any mental health treatment or taking medication. *Id*. at 462. According to Dr. Knapp, most of Plaintiff's limitations were at most moderate, but he was severely limited in his ability to perform activities within a work schedule, maintain regular attendance and be punctual, and complete a normal workday/workweek. *Id*. at 463-64.

The ALJ gave partial weight to Dr. Knapp's opinion, discounting the severe limitations referenced in Dr. Knapp's opinion as inconsistent with the record (which showed mostly normal mental status examination findings), unexplained, and apparently based on Plaintiff's self-report. AR at 22. The ALJ also found that Dr. Knapp's opinion was inconsistent with Plaintiff's improvement with treatment and medication, as well as his activities (social activities, performing activities of daily living independently, and previous ability to work and attend college). *Id*. at 23. The ALJ further noted that Dr. Knapp did not have access to all of Plaintiff's treatment records, which would have shed light on his presentation during Dr. Knapp's examination. *Id*. Lastly, the ALJ found that Dr. Knapp's opinion was less probative because it was rendered for purposes of qualifying Plaintiff for benefits rather than assessing his RFC. *Id*.

At least some of the ALJ's reasons are erroneous, such as his focus on the purpose of Dr. Knapp's examination. *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it."). But the ALJ also provided some valid reasons. The ALJ noted that Plaintiff experienced improvement with

treatment and medication (AR at 23 (citing *id*. at 438, 449, 611, 670, 674, 740, 750, 822, 830, 845, 910, 923, 930, 939, 947)), which undermines the probative value of Dr. Knapp's opinion rendered at a time Plaintiff was not receiving treatment or taking medication. *See Thomas*, 278 F.3d at 957 (ALJ may consider improvement with treatment in discounting a medical opinion).

Although Plaintiff emphasizes that "improvement is a relative term" (dkt. # 19 at 15), he has not shown that the ALJ mischaracterized the record in finding that Dr. Knapp's opinion was undermined by other evidence showing that Plaintiff's functioning improved with treatment. Therefore, because the ALJ provided at least one valid reason to discount Dr. Knapp's opinion, the Court finds that any error in other lines of reasoning is harmless and Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of Dr. Knapp's opinion. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

4. State Agency Opinions

The ALJ gave substantial weight to the opinions of State agency consultants, finding those opinions to be supported by "the most comprehensive review of the record" and "generally consistent with the objective evidence[,]" but the ALJ indicated that he nonetheless found Plaintiff to be more limited than the consultants found, in light of Plaintiff's testimony at the hearing and evidence unavailable for the consultants' review. AR at 21-22.

Plaintiff argues that the ALJ did not provide an adequate explanation as to why he credited the State agency opinions (dkt. # 19 at 17-18), but the ALJ has no such obligation. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting an opinion). Plaintiff has failed to establish error in the ALJ's decision with respect to the State agency opinions.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 13th day of July, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge